CLERK OF THE
DISTRICT COURT
TERRY HALPIN

2019 APR 10  AM 9 00

FILED

BY
DEPUTY

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| TERRY HOUSER, CLAYTON FISCUS, TERRY ODEGARD, MAE WOO, THOMAS ZURBUCHEN, KATHRYN ZURBUCHEN, ROGER WEBB, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BILLINGS,<br><br>Defendant. | Cause No. DV-18-0778<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

## **INTRODUCTION**

This case is before the Court on Plaintiffs' Motion for Class Certification. [Docs. 38, 48, 54]. The Court held oral argument on December 20, 2018[1].

## **FACTUAL BACKGROUND**

The City of Billings provides water, wastewater, and solid waste disposable services to its residents. The City invoices residents for its services.

---

[1] The Court also heard oral argument on Defendants' Motions to Dismiss and Judgment on the Pleadings. Those motions are resolved in a separate order.

On July 1, 1992, the City enacted and imposed a 4% franchise fee on water and wastewater services and a 5% franchisee fee on solid waste disposal services. Upon payment, the franchise fee revenue was deposited in the City's general fund. The franchise fees were renewed every year until they were repealed on June 30, 2018.

Plaintiffs seek declaratory and injunctive relief that the franchise fees are illegal sales taxes. Plaintiffs also raise claims for breach of contract, restitution, and constitutional due process violations. Plaintiffs move to represent three classes of similarly situated persons who paid the water, wastewater, and solid waste franchise fees since January 18, 2010.

## LEGAL STANDARD

Mont. R. Civ. P. 23 governs class actions. The prerequisites to class certification are:

(1) The class is so numerous that joinder of all members is impracticable;

(2) There are questions of law or fact common to the class;

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) The representative parties will fairly and adequately protect the interests of the class.

*See* Mont. R. Civ. P. 23(a). Once the prerequisites are met, the class action must be categorized under Mont. R. Civ. P. 23(b). The class must be defined. *See* Mont. R. Civ. P. 23(c)(1)(B). Finally, notice must be given to the class. *See* Mont. R. Civ. P. 23(c)(2).

The burden of proof for class certification rests upon the moving party. *See Byorth v. USAA Cas. Ins. Co.*, 2016 MT 302, ¶ 16, 385 Mont. 396, 384 P.3d 455. A "rigorous analysis" is conducted of class certification; "the court must have some evidentiary basis for determining each Rule 23 requirement is satisfied," and the court has broad discretion. *Id.*, ¶¶ 16-18. Class certification is not governed by the preponderance of the evidence standard; a lesser amount of

2

proof can suffice. *See id.*, ¶ 19. The Court cannot consider the merits of the claims unrelated to a Rule 23 requirement. *See id.*, ¶ 16.

## DISCUSSION

**Numerosity.** The proposed classes include 31,711 water customers, 34,583 wastewater customers, and 34,595 solid waste customers. The City does not contest the numerosity prerequisite. Joinder of all members of the class is impracticable. The numerosity prerequisite is met.

**Commonality.** The U.S. Supreme Court's opinion in *Wal-Mart v. Dukes,* 564 U.S. 338 (2011) resulted in significant changes to the commonality analysis under the Federal Rules of Civil Procedure. The Montana Supreme Court has not decided whether to formally adopt the heightened *Wal-Mart* standard, but it has nonetheless analyzed the commonality requirement under the *Wal-Mart* standard. *See, e.g., Byorth,* ¶ 26; *Jacobsen v. Allstate Ins. Co.*, 2013 MT 244, 371 Mont. 393, 310 P.3d 452. The *Wal-Mart* standard requires the class claim to "depend upon a common contention that will resolve an issue that is central to the validity of each member's claim." *Jacobson,* ¶ 39. Given the uncertainty regarding which commonality standard applies in Montana, the Court applies the commonality requirement under the heightened *Wal-Mart* standard.

The common contention among each class member's claim is the City violated their rights by improperly charging a franchise fee on water, wastewater, and solid waste services, respectively. The City argues that commonality fails because there are factual differences among class members with Subdivision Improvement Agreements ("SIA"), contracts, and non-current service. Any class member governed by a SIA or contract can be severed from the main classes and addressed through a subclass, if applicable. The commonality requirement is satisfied.

3

**Typicality.** Typicality requires the claims of the named plaintiffs to be typical of the class claims. The commonality requirement is "designed to ensure that the interests of the named representative are aligned with the interests of the class members, the rationale being that a named plaintiff who vigorously pursues his or her own interests will necessarily advance the interests of the class." *Worledge v. Riverstone Residential Group, LLC,* 2015 MT 142, ¶ 34, 379 Mont. 265, 350 P.3d 39. Under Montana law, typicality is not a demanding requirement, and it is satisfied if the claims stem from the same event, practice or course of conduct. *See id.* The named plaintiffs claim they were illegally taxed by the City for water, wastewater services, and solid waste disposal services. These are the same claims of the class. The typicality requirement is met.

**Adequacy of Representation.** The City does not dispute adequacy of representation. Plaintiffs' attorneys are experienced in class action cases. The Court concludes adequacy of representation prerequisite is met.

Mont. R. Civ. P. 23(a) is satisfied.

**Class Types.** Mont. R. Civ. P. 23(b) provides these types of class actions:

> (b)   Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
>
> (1)   prosecuting separate actions by or against individual class members would create a risk of:
> (A)   inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B)   adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2)   the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

4

(3)   the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to the findings include:
(A)   the class members' interests in individually controlling the prosecution or defense of separate actions;
(B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D)   the likely difficulties in managing a class action.

Plaintiffs contend all three types of class actions are satisfied. The City argues certification is improper under all three provisions because the alleged factual and legal differences arising from SIAs, written contracts, non-current service, and statute of limitations preclude certification.

Mont. R. Civ. P. 23(b)(1), Plaintiffs argue the City is obligated by law to treat all citizens equally and therefore there is a risk of inconsistent adjudications. Plaintiffs have not demonstrated there is a risk of inconsistent or varying adjudications or that adjudications would dispose of other claims. The class if not certifiable under Mont. R. Civ. P. 23(b)(1).

Under Mont. R. Civ. P. 23(b)(2), Plaintiffs seek classwide injunctive relief. The City argues injunctive relief is moot, because the City ceased charging the franchise fees. Plaintiffs argue the City's past practices regarding taxation requires an injunction to enjoin future similar franchise fees. This is a proper basis for injunctive relief, although the propriety of such relief is a question for another day. Plaintiffs have satisfied their burden under Mont. R. Civ. P. 23(b)(2).

A class is certified under Mont. R. Civ. P. 23(b)(3) if questions of law or fact common to the class predominate over questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy. This case focuses entirely on the legality of the City's franchise fees under § 7-1-112(1), MCA. There are no material factual disputes between and among class members, because the City uniformly applied the

5

franchise fee. While differences exist in individual class member damages, this common legal issue predominates and applies to each class member.

A class action is a superior method of adjudicating the legality of the City's franchise fees. There are almost 35,000 potential claims. Judicial economy favors resolution of the identical legal issues in one action in Yellowstone County. Also, the amount in controversy favors class certification; few individuals would file a claim for the few dollars a month they were charged in franchise fees. There is no prior or pending litigation by any individual that mitigates against certification here. Finally, there are no judicial manageability issues. The Court is experienced with managing class actions.

Plaintiff satisfy their burden of certifying the class under Mont. Rs. Civ. P. 23(b)(2) and 23(b)(3).

**Class Definition.** The class must be defined. *See* Mont. R. Civ. P. 23(c)(1)(B). The Court may alter or amend the class definition at any time until final judgment is rendered. *See* Mont R. Civ. P. 23(c)(1)(C); *Rolan v. New West*, 2013 MT 220, ¶15, 371 Mont. 228, 307 P.3d 291. The Court defines three classes and an exclusion from the classes:

1. All persons or entities who paid monthly metered water charges and were charged franchise fees under Section 16-2 and 16-11 of the City of Billings Rules and Regulations Governing Water and Wastewater Service since January 18, 2010 (the "Water Class");

2. All persons or entities who paid monthly wastewater charges and were charged franchise fees under Section 16-6 and 16-11 of the City of Billings Rules and Regulations Governing Water and Wastewater Service since January 18, 2010 (the "Wastewater Class");

3. All persons or entities who paid solid waste disposal charges and were charged franchise fees under Section 21-226 of the City of Billings Solid Waste Collection Code and City

6

Resolution 12-19179, 13-19277, 14-10349, 15-10460, 16-10560, and 17-10635 since July 1, 2012 (the "Solid Waste Disposal Class").

The Water Class, Wastewater Class, and Solid Waste Disposal Class exclude any person or entity who paid a franchise fee under a written contract with the City of Billings or who paid the franchise fee under a Subdivision Improvement Agreement. Should Plaintiffs contend there is no contractual right to impose the fees, Plaintiffs can move to amend the class definitions and the Court will consider a subclass if appropriate.

**Class Counsel.** The Court appoints Matthew G. Monforton and Kristen G. Juras as class counsel under Mont. R. Civ. P. 23(g).

**Class Notice.** The Court directs class counsel to prepare and submit the class notice for the Court's approval using the Federal Judicial Center's class action forms as a guide. The parties shall meet and confer to develop a notice plan. If the parties cannot agree on the form of notice or the notice plan, the Court will resolve the matter on a contested motion.

Based on the foregoing,

**IT IS HEREBY ORDERED,** Plaintiffs' Motion to Certify Class is **GRANTED.**

Dated: April 8, 2019.

GREGORY G. PINSKI
DISTRICT JUDGE

c:    Kristen Juras
      Matthew Monforton
      Doug James/Ariel Adkins
      Kim Anderson (Judge Harris)

7