IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PATSY FERCHO; ALLEN FERCHO, | CV 18–86–BLG–DLC–TJC |
| Plaintiffs, | |
| vs. | ORDER |
| UNITED STATES OF AMERICA; JENNY L. NELSON; OLIVIA RIEGER; ERIC BARNOSKY; DONOVAN WIND, | |
| Defendants. | |

Magistrate Judge Timothy J. Cavan entered a second Findings and Recommendation in this matter on January 27, 2020, recommending that the Court: (1) grant in part and deny in part the motion to dismiss of Defendant Eric Barnosky (Doc. 65); (2) grant in part and deny in part the motion for judgment on the pleadings of Defendant the United States of America (Doc. 79); and (3) deny as moot the motion to dismiss of Defendant Donovan Wind (Doc. 56).[1] (Doc. 98.) The United States and Barnosky timely filed objections, as did Plaintiffs Patsy and Allen Fercho. (Docs. 102, 103, & 104.) Consequently, the parties are entitled to de novo review of those findings and recommendations to which they have specifically objected. 28 U.S.C. § 636(b)(1). Absent objection, this Court reviews

---

[1] The parties have since stipulated to Wind's dismissal, and he was dismissed with prejudice. (Docs. 94 & 100.) The Court accordingly denied this motion as moot. (Doc. 100.)

1

findings and recommendations for clear error. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citations omitted).

## BACKGROUND

Because it is considering a motion to dismiss and a motion for judgment on the pleadings, the Court accepts as true the allegations of the Complaint. *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The parties know well the facts relevant to this Order, which were outlined clearly and at length by Judge Cavan in his Findings and Recommendation, as well as in earlier Court filings. (*See* Docs. 74, 94, & 98.) Thus, the Court does not repeat the factual background here.

## DISCUSSION

Defendant Eric Barnosky filed a motion to dismiss Counts III–VII for failure to state a claim, which Judge Cavan liberally construed as a motion for judgment on the pleadings due to its untimeliness. Judge Cavan recommended that the Court grant in part and deny in part the motion. He determined that Barnosky is not entitled to judgment on the Ferchos' claim for conspiracy to commit abuse of process when the Ferchos alleged that Barnosky played an active and continuing

2

role in the events causing Patsy Fercho's arrest. (Doc. 98 at 14–18.) Following the reasoning of the first Findings and Recommendation (Doc. 74), which this Court adopted in its Order of January 9, 2020 (Doc. 93), Judge Cavan recommended: granting the motion as to Count IV (unconstitutional seizure under U.S. Constitution); granting the motion as to Count V (unconstitutional seizure under Montana Constitution); and denying the motion as to Count VI (conspiracy to intentionally inflict emotional distress). Finally, Judge Cavan concluded that Count VII, Allen Fercho's derivative claim for loss of consortium, should survive because Patsy Fercho may continue to pursue her claim for intentional infliction of emotional distress.

The United States seeks judgment on the pleadings as to Count I (false imprisonment) and Count II (abuse of process), the only claims brought against it. Judge Cavan recommended granting the motion as to the Ferchos' claim for false imprisonment because Patsy Fercho "was lawfully restrained pursuant to a facially valid warrant that was supported by probable cause and did not violate Montana law." (Doc. 98 at 23.) He recommended denying the motion as to the Ferchos' claim against the United States for abuse of process, again following the reasoning set forth in his previous Findings and Recommendation, adopted by this Court.

The Court largely adopts the Findings and Recommendation. However, reviewing de novo, it sustains the United States' objection as to Count II. Thus, it grants the United States' motion for judgment on the pleadings.

## I. Eric Barnosky's Motion to Dismiss (Doc. 65)

Defendant Eric Barnosky, Regional Administrator for the Eastern Region of the Child and Family Services Division of the Montana Department of Public Health and Human Services, has moved for dismissal of the Ferchos' claims against him. The Court adopts the recommendation to deny the motion as to Counts III, VI, and VII of the Second Amended Complaint ("Complaint") and to grant the motion as to Counts IV and V.

### A. Count III—Conspiracy to Commit Abuse of Process

Judge Cavan recommend that the Court deny Barnosky's motion to dismiss the Ferchos' claim for conspiracy to commit abuse of process. (Doc. 98 at 14–18.) Barnosky objects, arguing that the allegations of the Complaint are insufficient to support the Ferchos' claim. (Doc. 102 at 3–7.) He contends that: (1) the Ferchos failed to plausibly allege abuse of process; and (2) the Ferchos failed to plausibly allege his participation in a conspiracy. The Court overrules Barnosky's objections and adopts Judge Cavan's recommendation.

As explained in the Court's Order adopting Judge Cavan's first Findings and Recommendation (Doc. 93), the Ferchos have stated a plausible claim for abuse of

4

process. To the degree that Barnosky argues that the Ferchos failed to allege facts establishing the elements of abuse of process under Montana law, those arguments have been fully addressed, and the Court does not reconsider them here.[2] The Court has already explained why the Ferchos may bring a claim for abuse of process, and it finds that the allegations of the Complaint support the Ferchos' claim.

The only question here, then, is whether the Ferchos plausibly alleged that Barnosky conspired with the other defendants to commit abuse of process—that is, to willfully use the legal process for an improper and ulterior purpose. *Spoja v. White*, 317 P.3d 153, 157 (Mont. 2014). "[T]he necessary elements of a conspiracy include: (1) Two or more persons . . . ; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Simmons Oil Corp. v. Holly Corp.*, 852 P.2d 523, 530 (Mont. 1993). At issue here is whether the factual allegations, taken as true, support a determination that there was a meeting of the minds between Barnosky and the other defendants.

---

[2] The Court sees only one new argument in Barnosky's filing—that "[t]he process in this case is the warrant that directed the apprehension of Mrs. Fercho for contempt and the return of the children to the custody of their father . . . The Magistrate appears to presume that there was only one lawful purpose for the warrants rather than two." (Doc. 102 at 5.) This claim is untrue (*see* Doc. 98 at 15), and its significance is unclear, so the Court does not consider it further.

The Court agrees with Judge Cavan that the allegations of the Complaint are sufficient. Barnosky argues that: (1) because the warrant for Patsy Fercho's arrest was issued upon her failure to appear in the Minnesota district court, he cannot have conspired to effect her arrest; and (2) he did relatively little to ensure that she was arrested after the warrant issued.

Barnosky's arguments miss the point. As Judge Cavan wrote, the Ferchos plausibly alleged that Barnosky "knew he was aiding the other Defendants in allegedly circumventing the Tribal Court's custody order and jurisdiction" when he had multiple communications with the other defendants about the best means of getting a judge to issue an arrest warrant. (Doc. 98 at 16–18.) Indeed, Barnosky and Defendant Olivia Rieger specifically communicated about the Minnesota bench warrant before it issued. There was relatively less work to do once the warrant issued, but Barnosky remained involved and in contact with the other defendants up to and after the warrant's issuance. The Court overrules Barnosky's objection as to Count III of the Complaint.

### B. Count IV—Seizure in Violation of the U.S. Constitution

Following the reasoning in his first Findings and Recommendation, Judge Cavan determined that Barnosky is entitled to qualified immunity on the Ferchos' claim for unlawful seizure under federal law. The parties do not object, and the Court finds no clear error for the reasons given in its Order of January 9, 2020.

(Doc. 93.) Therefore, the Court adopts the recommendation to grant Barnosky's motion as to Count IV.

### C. Count V—Seizure in Violation of the Montana Constitution

As in the first Findings and Recommendation, Judge Cavan determined that the Ferchos have not advanced a viable legal theory for unlawful seizure under Montana law. (Doc. 98 at 19–20.) The Ferchos object, repeating arguments made and rejected by the Court in its Order of January 9, 2020. The Ferchos "acknowledge[] that this Court overruled [their] prior objections" but intend to "preserve [their] claims of false arrest and unlawful seizure for possible appellate review in the future." (Doc. 104 at 2.) The Court overrules the Ferchos' objection for the reasons previously given and adopts the recommendation to grant Barnosky's motions as to Count V. (*See* Doc. 93.)

### D. Count VI—Intentional Infliction of Emotional Distress

Barnosky seeks dismissal of Count VI, arguing that any severe emotional distress suffered by Patsy Fercho cannot, as a matter of law, be a reasonably foreseeable consequence of an arrest that complies with state and federal requirements. However, under Montana law, the existence of a warrant has no bearing on whether Fercho's alleged distress was a "reasonably foreseeable consequence of the defendant[s'] [alleged] negligent or intentional act[s] or omission[s]." *Sacco v. High Country Ind. Press, Inc.*, 896 P.2d 411, 429 (Mont.

7

1995). Barnosky presents no legal authority or argument to the contrary. His objection is overruled.

### E. Count VII—Loss of Consortium

Finally, Judge Cavan determined that Allen Fercho should be able to continue to pursue his derivative claim for loss of consortium. Barnosky argues only that "[b]ecause Mrs. Fercho's other claims fail, so to do Mr. Fercho's consortium claims." (Doc. 102 at 10.) However, the Court adopts the recommendations to deny Barnosky's motion as to Counts III and VI. Thus, Barnosky's objection necessarily fails.

### II. United States' Motion for Judgment on the Pleadings (Doc. 79)

The United States seeks judgment on the pleadings in its favor as to the Ferchos' claims for false imprisonment and abuse of process, the only two claims in which the United States is a named defendant. These claims arise from Bureau of Indian Affairs Agent Donovan Wind's execution of the Minnesota bench warrant. The Court adopts the recommendation to grant the motion as to Count I. Reviewing de novo, the Court sustains the United States' objection to the recommendation that the Court deny its motion for judgment on Count II. Accordingly, the Court grants the United States' motion in its entirety and dismisses it from this case.

### A. Count I—False Imprisonment

8

Judge Cavan recommended granting the United States's motion for judgment on the pleadings as to the Ferchos' claim for false imprisonment. For reasons explored in full in the first Findings and Recommendation and this Court's Order adopting it, there was no unlawful arrest. And the Ferchos have conceded that the Minnesota judge had probable cause to issue the bench warrant. (Doc. 89 at 21.) Judge Cavan therefore concluded that, under "well-settled" Montana law, the United States had a "complete defense to [the Ferchos'] claim for false . . . imprisonment." *Kichnet v. Butte-Silver Bow Cty.*, 274 P.3d 740, 745 (Mont. 2012).

The Ferchos object but admittedly raise no arguments that have not previously been considered and rejected by the Court. Rather, as with their objection to Judge Cavan's analysis regarding Count IV, they hope to preserve their arguments for appellate review. (Doc. 107.) The Court overrules their objections and adopts the recommendation to grant the United States' motion for judgment on the pleadings as to Count I of the Complaint.

### B. Count II—Abuse of Process

Judge Cavan recommended denying the United States' motion for judgment on the pleadings as to the Ferchos' claim for conspiracy to commit abuse of process. The general factual and legal background for this claim is well-developed in prior Court filings, and it is not revisited here. At issue now is solely whether the Ferchos may pursue their claim against the United States. Judge Cavan

9

determined that, at this early stage of litigation, the claim could proceed because, "[b]ased on the allegations . . . , it can be inferred that Agent Wind knew that [Defendant Jenny L.] Nelson wanted have Mrs. Fercho arrested for the purpose of removing the children from the Tribal Court's jurisdiction." (Doc. 98 at 25.)

The United States objects, arguing that it cannot be liable for abuse of process when the federal officer conducting the arrest, Agent Wind, acted within authority expressly granted to him by federal law. Reviewing *de novo*, the Court agrees and sustains the United States' objection.

Under Montana law, "[a] successful claim for abuse of process depends upon proof that the defendant made a 'willful use of process not proper in the regular conduct of the proceeding, and that the process was used for an ulterior purpose.'" *Salminen v. Morrison & Frampton, PLLP*, 339 P.3d 602, 610 (Mont. 2014) (quoting *Spoja*, 317 P.3d at 157). The Ferchos have alleged that Agent Wind knew of Nelson's ulterior purpose, and it can therefore be inferred that Agent Wind acted in furtherance of that same improper, ulterior purpose.

However, while the other defendants may have willfully and improperly manipulated the legal process, the same cannot be said of Agent Wind. *Id.* If anything, Agent Wind's execution of the warrant is the legal process that the other defendants allegedly conspired to use willfully and for an improper purpose. Agent Wind executed a facially valid arrest warrant, and he acted within the scope

10

of 25 U.S.C. § 2803(8), which authorizes Bureau of Indian Affairs officers to "when requested, assist . . . any Federal, tribal, State, or local law enforcement agency in the enforcement or carrying out of the laws or regulations the agency enforces or administers." The Ferchos have not indicated the basis for a finding that Agent Wind made a "willful use of process not proper in the regular conduct of the proceeding" even though he executed a facially valid warrant supported by probable cause. *Spoja*, 317 P.3d at 157. His knowledge that the other defendants had self-serving and allegedly improper reasons to seek Patsy Fercho's arrest cannot be sufficient, on its own, for a finding of liability.

The Court finds no clear error in the remainder of the Findings and Recommendation. Accordingly, IT IS ORDERED that:

(1) Judge Cavan's Findings and Recommendation (Doc. 98) is ADOPTED in part and REJECTED in part;

(2) Defendant Eric Barnosky's Motion to Dismiss (Doc. 65) is GRANTED in part and DENIED in part;

(3) Defendant the United States' Motion for Judgment on the Pleadings (Doc. 79) is GRANTED in full; and

(4) The United States is DISMISSED from this action.

DATED this 26th day of March, 2020.

*Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court